**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 18-104-DLB**

**DAVID ROLAND HINKSON**                                               **PETITIONER**

**VS.**                     **MEMORANDUM OPINION AND ORDER**

**C. GOMEZ, Acting Warden**                                         **RESPONDENT**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner David Roland Hinkson is an inmate at the United States Penitentiary ("USP")—McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Hinkson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is before the Court to conduct an initial screening of Hinkson's petition. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court must deny relief.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

In 2002, Hinkson was indicted by a federal grand jury in the United States District Court for the District of Idaho for various financial crimes, including money laundering, income tax evasion, failure to file income tax returns, and failure to collect and pay payroll taxes (his "tax case"). *United States v. Hinkson*, No. 3:02-cr-00142-BLW-RCT (D. Idaho 2002). While he was awaiting trial on his tax case, a federal grand jury in Idaho returned an eleven-count indictment against Hinkson for soliciting the murders of three federal officials involved in the tax case: the United States District Judge presiding over the case, the prosecuting Assistant United States Attorney ("AUSA"), and the IRS Special Agent

1

assigned to the case (his "murder-solicitation case"). *United States v. Hinkson*, No. 1:04-cv-127-RCT-1 (D. Idaho 2004). The first three counts charged Hinkson with soliciting James Harding to kill the three federal officials in violation of 18 U.S.C. § 373 in January 2003. Counts four through six charged that Hinkson made a second request to Harding in March 2003. Counts seven through nine charged Hinkson with soliciting Elven Joe Swisher to murder these same three individuals in December 2002 or January 2003. Counts ten and eleven charged Hinkson with threatening to kill the children of the AUSA and the IRS Special Agent in violation of 18 U.S.C. § 115. *Id.*

In May 2004, a jury found Hinkson guilty in his criminal tax trial. Sentencing in Hinkson's tax case was continued until the conclusion of his murder-solicitation trial. *United States v. Hinkson*, No. 3:02-cr-00142-BLW-RCT (D. Idaho 2002).

In January 2005, the jury in Hinkson's murder-solicitation trial acquitted Hinkson on counts one through three, ten, and eleven, and were unable to reach a verdict on counts four through six. However, the jury convicted Hinkson on counts seven through nine, the counts involving his solicitation of Swisher to murder the three federal officials. *United States v. Hinkson*, No. 1:04-cv-127-RCT-1 (D. Idaho 2004).

In June 2005, the court sentenced Hinkson in both cases to a total term of imprisonment of 516 months. Specifically, Hinkson's sentence breaks down as follows:

> The total term in [the tax case] consists of: terms of 12 months each on counts 1-3, 17 & 26; terms of 60 months each on counts 4-16; and terms of 120 months each on counts 31, 33-38, 40-42. All such terms in [the tax case] shall be served concurrently with each other but consecutive to the imprisonment imposed in [the murder-solicitation case]. The total term in [the murder solicitation case] consists of terms of 120 months each on counts 7, 8 and 9, which shall run consecutively to one another and consecutively to criminal [tax case]. An additional 36 months shall run consecutively to counts 7, 8 and 9 pursuant to 18 U.S.C. § 3147. The total imprisonment term of 396 months imposed in [the murder-solicitation case]

2

> shall not begin to run until the Defendant has completed service of the total imprisonment term of 120 months imposed in [the tax case].

*United States v. Hinkson*, No. 3:02-cr-00142-BLW-RCT (D. Idaho 2002) (Docs. # 370, 374 therein); *United States v. Hinkson*, No. 1:04-cv-127-RCT-1 (D. Idaho 2004) (Docs. # 266, 267 therein). Hinkson's motion for a new trial in his murder-solicitation case was denied by the trial court. *United States v. Hinkson*, No. 1:04-cv-127-RCT-1 (D. Idaho 2004) (Doc. # 244 therein). Although a divided three-judge panel of the Ninth Circuit reversed the denial of Hinkson's motion for a new trial, *United States v. Hinkson*, 526 F.3d 1262 (9th Cir. 2008), upon rehearing, an en banc panel of the Ninth Circuit vacated the three-judge panel decision and affirmed the trial court. *United States v. Hinkson*, 585 F.3d 1247, 1263–64, 1267 (9th Cir. 2009) (en banc). The United States Supreme Court denied certiorari. *Hinkson v. United States*, 131 S. Ct. 2096 (2011).

Hinkson's motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. § 2255 was denied and his request for a certificate of appealability was denied by the United States Court of Appeals for the Ninth Circuit. *United States v. Hinkson*, No. 1:12-cv-196-RCT (D. Idaho 2012) (Docs. # 15, 20 therein). Hinkson's subsequent petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed in the United States District Court for the Eastern District of California, was also denied, as was his request for a certificate of appealability. *Hinkson v. Copenhaver*, No. 1:13-cv-1571-AWI-JLT (E.D. Calif. 2013).

On June 14, 2018, Hinkson filed an Application for Permission to File a Second or Successive Habeas Corpus Petition with the United States Court of Appeals for the Ninth Circuit, seeking relief from his sentence pursuant to the United States Supreme Court's

decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *Hinkson v. United States*, No. 18-71748 (9th Cir. 2018).

Hinkson's current § 2241 petition filed in this Court argues that he is entitled to relief because: (1) with respect to the solicitation of murder charges for which he was convicted, he is "actually innocent" of those convictions because they should have been brought as one charge, not three; (2) solicitation to commit murder is not a crime of violence; and (3) because solicitation is not a crime of violence, his 10-year sentences for his three solicitation convictions should run concurrently, thus his 30-year sentence in his solicitation case should be reduced to 10 years and should run concurrent with his sentence in his tax case.

## II. ANALYSIS

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander*, 419 F. App'x at 545. A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Hinkson's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Hinkson's claims raised in his § 2241 petition are simply not the kind which may be pursued under § 2241. A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or

4

determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). Establishing that the § 2255 remedy is inadequate or ineffective is a high burden for a petitioner to meet, as "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *See Peterman*, 249 F.3d at 461. A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes

5

that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Hinkson's first claim is that he is "actually innocent" of his conviction of three separate counts of solicitation to commit murder because these counts should have merged into one charge of the indictment rather than three separate charges. But, Hinkson's claim does not rely on any Supreme Court decision announcing a new, retroactively applicable rule of statutory construction, but is instead a claim of ordinary trial error which could have and must have been pursued on direct appeal or in an initial motion under § 2255. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir.2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014).

Even if this were not so, his argument that he is entitled to relief based on the United States Court of Appeals for the First Circuit's decision in *United States v. Gordon*, 875 F.3d 26 (1st Cir. 2017) fails on the merits. In *Gordon*, the First Circuit analyzed 18 U.S.C. § 1958(a), the federal statute prohibiting the use of interstate commerce facilities in the commission of murder-for-hire, which is not the same statute that Hinkson was convicted of violating. Regardless, in *Gordon*, the court held that "the appropriate unit of prosecution under 18 U.S.C. § 1958(a) is a single plot to murder a single individual, not the number of times that the facilities of interstate commerce were used." *Gordon*, 875 F.3d at 28. Hinkson relies on *Gordon* and argues that, because there was only one "plot"

with respect to his charges of solicitation to commit murder of three federal officials, these charges should have been brought as one charge in the indictment, rather than three separate charges. Hinkson, however, overlooks that he was charged with soliciting the murder of *three* separate individuals. Thus, even if *Gordon* applied, Hinkson would not be entitled to relief.

Hinkson's next two related claims seek relief from his sentence based on his argument that solicitation to commit murder is not a "crime of violence." According to Hinkson, "[b]ecause the three counts of solicitation to commit murder were considered and labeled 'crimes of violence,' the sentencing court ran Hinkson's sentences consecutive to each other and consecutive to [the sentence in his tax case]. Because the solicitation to commit murder offenses are not crimes of violence, Hinkson is entitled to resentencing." (Doc. # 1-1 at 15). Hinkson invokes the United States Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), as well as *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Johnson v. United States*, 135 S. Ct. 2251 (2015), as well as the Fourth Circuit's decision in *United States v. McCollum*, 885 F.3d 300 (4th Cir. 2018).

A petition for a writ of habeas corpus pursuant to § 2241, however, is not the appropriate vehicle for such claims. The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory

7

before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

Hinkson's petition does not satisfy any of these criteria. Hinkson was sentenced in 2006, post-*Booker*. Moreover, as he currently has an application seeking permission to file a second or successive § 2255 habeas petition raising similar claims pending in the United States Court of Appeals for the Ninth Circuit, he cannot establish that he has been foreclosed from asserting his claims in a successive petition under § 2255.

Finally, Hinkson does not present a challenge to a prior conviction used to enhance his sentence. Rather, Hinkson argues that the sentencing court improperly ran his murder-solicitation sentences consecutively because the court classified these crimes as "crimes of violence." First, Hinkson cites to no evidence in the record to support his conclusory claim that the sentencing court ran his sentences consecutively because it classified his murder-solicitation convictions as "crimes of violence." Regardless, the cases relied upon by Hinkson—*Dimaya*, *Mathis*, *Johnson*, and *McCollum*—all address the classification of a prior conviction used to enhance a sentence. Because Hinkson does not argue that his sentence was improperly enhanced based on a prior conviction for a "crime of violence," these cases are inapplicable. Instead, Hinkson challenges the trial court's decision to run his multiple sentences consecutively rather than concurrently, a decision that is well within the trial court's discretion. *See* 18 U.S.C. § 3584(a). To the extent that Hinkson argues that the trial court abused its discretion, this is a claim of

8

ordinary trial error which, as previously explained, must have been pursued on direct appeal or in an initial motion under § 2255.

For all of these reasons, the limited exception in *Hill* that permits a challenge to a sentence in a § 2241 petition does not apply to Hinkson. Because Hinkson may not rely on the "savings clause" of § 2255(e) to authorize his § 2241 petition, his petition must be denied.

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Petitioner David Roland Hinkson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) Hinkson's motion to bring new Supreme Court precedent to the attention of the Court (Doc. # 4) is **DENIED AS MOOT**;

(3) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(4) A separate Judgment shall be entered contemporaneously herewith.

This 19th day of July, 2018.



Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Hinkson 18-104-DLB Memorandum.docx